CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
DEC 0 6 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| WILLIAM D. DIMENT, ET AL.,<br>*Plaintiffs*, | CIVIL NO. 3:07-cv-00033<br>CIVIL NO. 3:07-cv-00040 |
| v. | MEMORANDUM OPINION AND ORDER |
| THE SUPREME COURT OF VIRGINIA, ET AL.,<br>*Defendants*. | JUDGE NORMAN K. MOON |

This matter is before the Court on Defendants' Motions to Dismiss (docket entry no. 3, 6) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1] For the following reasons, I hereby GRANT the Defendants' respective motions to dismiss and ORDER these cases stricken from the docket.

## I. BACKGROUND

Plaintiff, William Diment, has filed these Complaints *pro se* on his own behalf and on behalf of his two daughters.[2] The cases arise from the Plaintiff's dissatisfaction with his legal representation and the conduct of court personnel in his underlying child custody, support, and visitation proceedings in Augusta County, Virginia.

---

[1] Federal Rule of Civil Procedure 42(a) permits a court to order a joint trial for actions involving common questions of law or fact. In general, judicial economy favors consolidation because it saves time and expenses and avoids the risk of inconsistent judgments. *Switzenbaum v. Orbital Scis. Corp.*, 187 F.R.D. 246, 248 (E.D. Va. 1999). In the instant cases, I find the benefit of consolidating the two cases to outweigh the risk of possible prejudice to any party as the individual cases involve identical claims and defenses and arise from the same factual circumstances. Accordingly, I order these cases to be consolidated into a joint matter.

[2] Ordinarily, a non-lawyer parent is not permitted to represent his children *pro se*. *See, e.g., Gallo v. United States*, 331 F.Supp.2d 446, 447–49 (E.D. Va. 2004) ("[C]ourts are nearly unanimous in holding that a parent or guardian cannot sue on behalf of a child without securing counsel."). I decline to consider this issue or whether Mr. Diment's attempted representation of his children may constitute the unauthorized practice of law as these issues will not affect the resolution of these matters. For the purposes of this Memorandum Opinion, I shall refer to the Mr. Diment and his children as "Plaintiff."

Plaintiff has filed suit against the Supreme Court of Virginia, alleging that his Fourteenth Amendment right to Due Process was violated under Virginia precedent that binds the actions of an agent on its principal. Plaintiff claims that his attorney, Robert P. Dwoskin, negligently failed to review child support documents sent by the court, resulting in artificially inflated child support obligations. He further claims that the Virginia State Bar, acting as an arm of the Supreme Court of Virginia, has refused to discipline his attorney for violating its rules of professional behavior, thereby depriving him of life, liberty, and property without due process of law.

Plaintiff has also filed suit against the Honorable Thomas H. Wood, Judge of the Circuit Court of Augusta County ("Judge Wood"), the Honorable Charles L. Ricketts, III, Judge of the Juvenile & Domestic Relations District Court of Augusta County ("Judge Ricketts"), and Donna Coffey Bosserman, Clerk of the Juvenile & Domestic Relations District Court of Augusta County ("Clerk Bosserman"), claiming that they deprived him of his Fourteenth Amendment right to Due Process by refusing to examine evidence, providing preferential treatment to adverse parties represented by counsel, failing to follow Virginia state law and procedures, and refusing *pro se* parties access to the judicial system. Plaintiff subsequently sought to amend his complaint to include the Honorable Humes J. Franklin, Jr., Chief Judge of the Circuit Court of Augusta County, for additional acts of bias and favoritism.

In their motions to dismiss, Defendants assert that (1) Plaintiff's claims are barred by the Eleventh Amendment; (2) the Complaints fail to state a claim against the Defendants for which relief can be granted; (3) the Plaintiff lacks standing to sue the Supreme Court of Virginia; (4) Judge Wood and Judge Ricketts are absolutely immune from suit pursuant to judicial immunity; and (5) Judge Wood, Judge Ricketts, and Clerk Bosserman are entitled to qualified immunity.

2

## II. STANDARD OF REVIEW

*A. Fed. R. Civ. P. 12(b)(1)*

Federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may move, pursuant to Federal Rule of Civil Procedure 12(b)(1), to dismiss an action because the court lacks subject matter jurisdiction to hear and decide the case before it. The burden of proving subject matter jurisdiction rests upon the party that seeks to invoke the court's authority. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). When a defendant presents other defenses in addition to challenging the subject matter jurisdiction of the court, the question of subject matter jurisdiction must be decided first, as it affects the court's very power to hear the case. *See Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 442 n.4 (4th Cir. 1999). In considering whether subject matter jurisdiction exists, a court must determine whether the plaintiff's allegations, standing alone and taken as true, establish jurisdiction and a meritorious cause of action. *Dickey v. Greene*, 729 F.2d 957, 958 (4th Cir. 1984). If the court determines that it lacks subject matter jurisdiction, the case must be dismissed. *See* Fed. R. Civ. P. 12(h)(3).

*B. Fed. R. Civ. P. 12(b)(6)*

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; it does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

3

formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964–65 (2007) (internal citations omitted). Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (citations omitted).

Although the complaint of a *pro se* plaintiff is held to a less stringent standard than one prepared by an attorney, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the court will not abrogate basic pleading essentials in a *pro se* suit, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The less stringent standard for a *pro se* plaintiff does not require a court to manufacture facts not plead to support conclusory allegations. *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Therefore, while Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face;" plaintiffs must "nudge[] their claims across the line from conceivable to plausible" or "their complaint must be dismissed." *Bell Atl. Corp.*, 127 S.Ct. at 1974.

## III. DISCUSSION

### A. *The Supreme Court of Virginia is Immune from Suit*

The Eleventh Amendment to the Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. Although the Amendment, by its terms, does not bar suits against a State by its own citizens, it is well established that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). The purpose of the Eleventh Amendment is not to "prevent federal-court judgments that must be paid out of a State's treasury,

4

Case 3:07-cv-00040-NKM-BWC    Document 17    Filed 12/06/07    Page 4 of 9    Pageid#: 51

[but] to avoid the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties." *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 58 (1996) (citations omitted).

Sovereign immunity under the Eleventh Amendment extends only to those entities considered to be "an arm of the State." *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977). The Constitution of the Commonwealth of Virginia provides that the judicial power is vested in the Supreme Court and in such other courts that the General Assembly establishes. VA. CONST. art. VI, § 1. Therefore, the Supreme Court of Virginia is an arm of the Commonwealth of Virginia and entitled to immunity from Plaintiff's suit pursuant to the Eleventh Amendment. *See, e.g., Alden v. Maine*, 527 U.S. 706, 756 (1999) (explaining that the Eleventh Amendment bars all suits against arms of the State). As there is no indication that the Commonwealth of Virginia has waived its immunity or that Congress has abrogated its immunity in this circumstance,[3] I do not have jurisdiction to hear and decide this matter. Accordingly, Plaintiff's suit against the Supreme Court of Virginia must be dismissed for lack of subject matter jurisdiction.

### B. The Remaining Defendants Are Immune in their Official Capacity

Similarly, Plaintiff's suit against Judge Wood, Judge Ricketts, and Clerk Bosserman in their official capacities must also be dismissed. A suit against a state official in his or her official capacity is considered not to be a suit against the official, but rather a suit against the official's

---

[3] Plaintiff is correct that the Eleventh Amendment immunity of the states may be abrogated by Congress, but this power is limited to circumstances in which Congress unequivocally intends to abrogate immunity and "act[s] pursuant to a valid grant of constitutional authority." *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000). The cases cited by Plaintiff are inapposite to the case at bar. Although *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976), provides that Congress may authorize private suits against the states pursuant to § 5 of the Fourteenth Amendment in order to enforce the provisions of the Fourteenth Amendment, *id.* at 456, Plaintiff fails to identify any legislation enacted pursuant to this power which authorizes his suit. The other case cited by Plaintiff, *Central Virginia Community College v. Katz*, 546 U.S. 356 (2006), is inapplicable to these proceedings, as it applies only in the context of bankruptcy actions, *id.* at 359.

5

office, and, as such, is no different than a suit against the State itself. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). The General Assembly of Virginia has designated by statute that each county shall have a circuit court, which serves as the sole court of record, and a juvenile and domestic relations district court. VA. CODE §§ 16.1-69.7 (establishing juvenile and domestic relations district court); 17.1-500 (establishing circuit court). Therefore, the Plaintiff's suit against the Honorable Thomas H. Wood, Judge of the Circuit Court of Augusta County, the Honorable Charles L. Rickets, III, Judge of the Juvenile & Domestic Relations District Court of Augusta County, and Donna Coffey Bosserman, Clerk of the Juvenile & Domestic Relations District Court of Augusta County, must be construed as a suit against the Commonwealth of Virginia because the Defendants act as arms of the Commonwealth when serving in their official capacities. Accordingly, Plaintiff's claims against these Defendants in their official capacity must be dismissed for lack of subject matter jurisdiction.

*C. Judge Woods and Judge Rickets Are Absolutely Immune in their Personal Capacities*[4]

The law is well-settled that judicial officers, in exercising the authority vested in them, are immune from liability for damages, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Judicial immunity is designed to benefit the public, so that judges may exercise their judgment independently, and without fear of consequences. *Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("[A judge] should not have to fear that unsatisfied litigants may hound him with

---

[4] Although the suits against the Defendants in their official capacity must be dismissed, they are not immune from an action for damages in their individual capacity. *Hafer v. Melo*, 502 U.S. 21, 30–31 (1991) ("[T]he Eleventh Amendment does not erect a barrier against suits to impose 'individual and personal liability' on state officials under § 1983." (citation omitted)). While Plaintiff did not specify that Defendants were named in their individual capacities, I am required to look to the nature of the plaintiff's claims and the relief sought to determine whether a state official is being sued in an individual or official capacity, particularly when the plaintiff is *pro se*, as Plaintiff is in this matter. *Biggs v. Meadows*, 66 F.3d 56, 60–61 (4th Cir. 1995). Because Plaintiff seeks damages of $7,700,000.00 and $750,000.00, respectively, I construe his claims to be against both the Defendants' official and individual capacities.

6

litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decisionmaking but to intimidation."). The doctrine of judicial immunity provides an absolute bar from suit for judicial actions, unless the judge acted in the complete absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991).

In this case, Plaintiff's suit is based upon alleged procedural improprieties in cases over which the judges presided and in which the Plaintiff was a party. Plaintiff has alleged no facts whatsoever that either judge acted outside his judicial capacity or in the absence of jurisdiction. As a result, Plaintiff's suit against Judge Wood and Judge Ricketts in their individual capacities is barred by the doctrine of judicial immunity even if I were to assume that either Defendant acted in bad faith or malice. *Id.* Accordingly, I must dismiss Plaintiff's suit against Judge Wood and Judge Ricketts in their individual capacities, which dismisses them from this action entirely.

### D. Clerk Bosserman is Entitled to Qualified Immunity

The remaining defendant, Clerk Bosserman, asserts that she is also immune from this suit in her individual capacity because of qualified immunity. The doctrine of qualified immunity shields government officials from liability for civil damages when performing discretionary functions so long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). A court evaluating a claim of qualified immunity must first determine whether the facts alleged, taken in the light most favorable to the plaintiff, establish that the official violated a constitutional right, and if so, determine whether that right was clearly established at the time of the alleged violation. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

In his Complaint, Plaintiff appears to assert two separate claims against Clerk Bosserman.

First, Plaintiff alleges that Defendant delayed assigning a hearing date until he was represented by counsel. (Compl. ¶ 6.) Second, Plaintiff claims that Defendant denied him access to the judicial system by refusing to accept motions that he had drafted when he was otherwise represented by counsel. (Compl. ¶ 26.)

The right of access to the courts is a fundamental right enjoyed by all citizens protected by the Constitution. *See Turner v. Safley*, 482 U.S. 78, 84 (1987) (explaining that the First Amendment provides the "constitutional right to petition the government for the redress of grievances"); *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974) ("The right of access to the courts . . . is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights."); *Chambers v. Baltimore & Ohio R.R. Co.*, 207 U.S. 142, 148 (1907) (explaining that the right of access to the courts "lies at the foundation of orderly government" and, as "one of the highest and most essential privileges of citizenship," is protected by the Privileges and Immunities Clause of Article IV). Therefore, the denial of Plaintiff's effective and meaningful access to the courts would indeed constitute a constitutional violation.

In this case, however, the facts, taken in the light most favorable to the Plaintiff, do not establish that Defendant refused to accept Plaintiff's motions to intentionally or deliberately deny him access to the courts. *See Pink v. Lester*, 52 F.3d 73, 76–78 (4th Cir. 1995) (requiring claims against court clerks for denial of access to the courts to establish an intentional or deliberate denial, not mere negligent denial of access). Instead, Defendant did not accept his motions because Plaintiff was represented by counsel, counsel who had been appointed by the court because of, in part, concerns of mental competency. Because Plaintiff was represented by counsel, he was not deprived of his right of access to the courts as he could still present matters

for decision to the court through motions filed by his attorney. As due process does not require, absent extraordinary circumstances, that a party "be permitted to file every pro se motion he wishes to submit in addition to his attorney's motions," *Tarter v. Hury*, 646 F.2d 1010, 1014 (5th Cir. 1981), Plaintiff cannot establish that Defendant violated a clearly established constitutional right by refusing to accept motions that he had drafted.

Furthermore, Defendant also did not violate Plaintiff's constitutional rights in delaying the assignment of a hearing date. Although the right of meaningful and effective access to the courts is fundamental to all citizens, it does not require the "judicial determination of a civil claim within a prescribed period of time as an element of such right." *L.A. County Bar Ass'n v. Eu*, 979 F.2d 697, 706 (9th Cir. 1992). Any delay by the Defendant in scheduling a hearing for Plaintiff is unfortunate, but absent proof of actual bias, does not represent a violation of his fundamental rights. Accordingly, I find that Clerk Bosserman is entitled to qualified immunity, and I must dismiss her from Plaintiff's suit.

## IV. CONCLUSION

For the reasons stated herein, I find the Defendants immune from Plaintiff's suits. Accordingly, I will grant the Defendants' motions to dismiss in an order to follow.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to both parties.

ENTERED: *[signature]*
United States District Judge

12/6/2007
Date

9